**UNITED STATES of America**

v.

**Guillermo PATINO a/k/a Tiko Juan Carlos Romero Vargas.**

**No. 97–161–CR–J–10C.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Nov. 10, 1997.

Assistant U.S. Attorney, A. William Mackie, Jacksonville FL, for U.S.

David A. Russell, Miami, FL, for Guillermo Patino.

## ORDER CONCERNING POLYGRAPH EXAMINATION REPORTS

CORRIGAN, United States Magistrate Judge.

In its Second Order on Discovery (Doc. 65), the Court deferred ruling on defendant Patino's Motion for Production of Polygraph Examination Reports of Government Witnesses or Alternatively Contents of Polygraph Examination (Doc. 53) so it could examine the reports *in camera*. The government submitted the reports *in·camera* and the government filed United States' Supplemental Memorandum in Op-

position to Defendant Patino's motion for Production of Polygraph Examination Reports of Government Witnesses or Alternatively, Contents of Polygraph Examination (Doc. 66), and a Second Supplemental Memorandum in opposition to the Motion (Doc. 68). Despite invitation to do so, defendant Patino did not file a supplemental memorandum concerning his position. The co-defendant did not join in this motion.

**Defendant's position:**

Defendant Patino, citing *Anderson v. United States,* 788 F.2d 517, 519 n. 1 (8th Cir. 1986), requests the Court make an *in camera* determination whether any of the narrative statements of the witness in the polygraph examination reports are exculpatory or useful for impeachment purposes and if so, whether the evidence is "material" as defined in *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), and discoverable under the Jencks Act or *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) or its progeny.

**Government's position:**

The Government has agreed to stipulate to the fact that the polygraph examinations of the potential witness, Jose Rafael Roman Delgado ("Roman"), which were submitted *in camera,* indicated he was not being truthful during the examination (Doc. 66); therefore this evidence of lack of candor, if ruled admissible, would be available to defendant for impeachment purposes. However, relying on *United States v. Piccinonna,* 885 F.2d 1529 (11th Cir.1989), the Government argues that witness statements made in the course of the examination are admissible for impeachment or corroborative purposes only if their probative value outweighs any prejudicial effect under Rule 403 and objects to any further disclosure of the reports on the following grounds: (1) the reports are of a third-party witness and not routinely discoverable or admissible at trial; (2) the reports do not have any relation to defendant Patino or the alleged theft and exportation of stolen motor vehicles which is the subject of the indictment and therefore the reports are not probative or exculpatory, might confuse the jury and perhaps unfairly and prejudicially associate the defendant with unrelated criminal activity; (3) the reports contain sensitive information that is part of an ongoing investigation which could be compromised and disclosure would violate Fed.R.Crim.P. 6.

The Government also argues *Jacobs v. Singletary,* 952 F.2d 1282 (11th Cir.1992) (previously cited by the Court) is distinguishable. There the Eleventh Circuit reversed a conviction due to the government's failure to disclose the narrative portion of a polygraph examination that concerned facts central to the charged indictment. The Eleventh Circuit found the reports to be material impeachment evidence and held it was reasonably probable the outcome of the trial was affected by the non-production of this evidence. Here, the Government argues the reports are not related to the underlying charges and therefore production is not required.

While this motion was pending, on October 23, 1997, the government sent to Patino's counsel a letter pursuant to *"Brady, Giglio* and related cases" which reveals the government's intention to call Roman as a witness and provides substantial impeachment information regarding this witness, including a description of the two polygraph examinations which generated the reports which are the subject of this motion. With respect to both polygraph examinations, the government has informed defendant Patino's counsel that, in the opinion of the polygraph examiner, Roman was deceptive in his answers to the basic questions which were the subject of the polygraph examination. The Court will make this October 23, 1997 letter a part of the sealed record in this matter.

**The Court's findings:**

 In certain cases, polygraph evidence may be admitted to impeach or corroborate testimony of a trial witness. *United States v. Tokars,* 95 F.3d 1520 (11th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1282, 137 L.Ed.2d 357 (1997); *United States v. Piccinonna,* 885 F.2d 1529 (11th Cir.1989). Failure to disclose material exculpatory or impeachment evidence contained in the narrative portion of polygraph examination report is error. *Jacobs v. Singletary,* 952 F.2d 1282, 1289 (11th Cir.1992). Thus, the Court rejects the Government's argument that such reports are never discoverable. In *Jacobs,* the Eleventh Circuit looked at statements

made by the Government witness to the polygraph examiner which differed in several material ways from his trial testimony. The witness was the only person who testified the defendant fired the first shot, a material issue at trial. The witness told the polygraph examiner that another person fired four times and he was not sure whether or not the defendant had fired at all. The Government argued the polygraph statement was not material since the defense had access to another statement by the witness that could be used to impeach him. The Court held that, at the very least, the statement made to the polygraph examiner had greater impeachment value. Noting three other factual inconsistencies, the Court concluded the polygraph examination report contained material impeachment evidence and reversed the underlying conviction for failure to disclose the report.

On the other hand, disclosure is not required if the evidence is not material or is cumulative. In *United States v. Nelson,* 970 F.2d 439, 441 (8th Cir.1992), *cert. denied,* 506 U.S. 903, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992), a witness' trial testimony diverged from the polygraph report in two ways. At trial the witness testified to purchasing 25 to 40 ounces of methamphetamine; in a polygraph interview the witness stated he had purchased only 6 to 8 ounces. The witness also admitted in the polygraph interview that he had not filed income tax returns for a long time. In post-trial *Brady* motions, defendant argued this evidence was material impeachment or exculpatory evidence. The Court held that this information was fully elicited and developed during cross-examination and was therefore cumulative. The inconsistency as to the amount of drugs was relevant only in terms of general credibility and did not relate in any way to the three controlled purchases at issue at the trial. The Government established at trial that defendant had failed to report his drug income, therefore the polygraph examination statements concerning failure to file income tax returns were cumulative and not material. Production of the statements was therefore not required.

■ The Court has examined the two polygraph examination reports *in camera.* The first report, dated September 17, 1996, does not mention defendant Patino, appears to concern events unrelated to the subject indictment and does not appear to contain any obvious exculpatory or impeachment information (other than Roman's involvement in money laundering activities and that he was considered deceptive by the polygraph examiner, all of which is adequately disclosed in the government's October 23, 1997 letter.)

The second examination report, dated November 21, 1995, does contain some references to at least one co-defendant, as well as references to the same general subject matter as the indictment. However, the government has represented in its filings that the matters referred to in this report are unrelated to the subject of the indictment and the Court has no basis to find otherwise.[1] The 1995 report does not mention the defendant Patino by name and does not contain any obvious exculpatory information regarding him. While the impeachment value of the 1995 report is a closer question, the government's October 23, 1997 letter appears to provide sufficient information about this polygraph report to allow a proper impeachment of the witness without disclosure of the full report, which the government represents would compromise an ongoing unrelated investigation.

■ The Court has also considered whether the narrative portions of the polygraph reports could be considered *Jencks Act* statements of the witness. While again this issue is not free from doubt, based upon the limited information the Court has concerning circumstances under which the reports were taken and after a review of the relevant Eleventh Circuit authorities, the Court determines that the polygraph reports do not constitute *Jencks Act* statements. *See e.g., United States v. Delgado,* 56 F.3d 1357, 1364 (11th Cir.1995), *cert. denied,* 516 U.S. 1049, 116 S.Ct. 713, 133 L.Ed.2d 667 (1996). *Cf. United States v. Beasley,* 2 F.3d 1551, 1557 (11th Cir.1993), *cert. denied,* 512 U.S. 1240, 114 S.Ct. 2751, 129 L.Ed.2d 869 (1994);

---

1. The Court assumes that the government's recent filing of notice of intent to use Rule 404(b) evidence (Doc. 72) does not change the government's position.

**1452**

*United States v. Rodriguez,* 765 F.2d 1546, 1558 (11th Cir.1985). Moreover, given the information provided to defendant Patino in the government's October 23, 1997 letter, any impeachment value of the polygraph examination reports is likely cumulative. *See United States v. Valera,* 845 F.2d 923, 926–27 (11th Cir.1988), *cert. denied,* 490 U.S. 1046, 109 S.Ct. 1953, 104 L.Ed.2d 422 (1989).

The Court will therefore not require production of the polygraph examination reports at this time. However, because the Court only has limited knowledge of the facts of this case and the circumstances of the polygraph examinations, as gleaned from the pretrial proceedings and submissions of the parties, the Court cannot rule out the possibility that, when placed in the context of the evidence at trial, these reports could be found to contain material impeachment or exculpatory information and, therefore, may be required to be disclosed. Moreover, the Court's decision not to require disclosure at this time does not relieve the government of its *Brady, Giglio* and *Jencks* obligations with respect to these documents because the government, after all, knows the facts and circumstances of this case far better than the undersigned. Accordingly, after due consideration, it is hereby

**ORDERED:**

Defendant Patino's Motion for Production of Polygraph Examination Reports of Government Witnesses or Alteratively Contents of Polygraph Examination (Doc. 53) is **DENIED** without prejudice to defendant Patino renewing the motion with the District Court at trial. The Clerk will maintain the polygraph reports, as well as the government's October 23, 1997 letter, under seal for possible use by the District Court at trial.